IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION



KERBY A. STRACCO,

Plaintiff,

v.

TOWN SQUARE AT MARK CENTER, et al.,

Defendants.

Civil Action No.: 1:25-cv-00129-PTG-IDD

---

PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

AND RESPONSE TO SYSTEMIC COURT VIOLATIONS AND THE FAILURE OF THE COURT SYSTEM TO HONOR PLAINTIFF'S INJUNCTIONS

---

Kerby Alexandria Stracco, the Plaintiff, respectfully submits this Answer under duress, in opposition to the Bozzuto Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. This filing is compelled by ongoing violations of due process and the court's failure to address Plaintiff's filed injunction and systemic mishandling of emergency motions.

---

I. INTRODUCTION

Plaintiff is a disabled veteran, mother of five, and primary caregiver to her disabled husband. She brings this action under the Fair Housing Act (FHA) and Section 504 of the Rehabilitation Act, alleging that Defendants failed to provide legally required reasonable accommodations, resulting in direct and ongoing harm.

Plaintiff has filed an injunction (Case No. 1:25-cv-0070) requesting permanent sealing and immediate transfer of this and related cases to the U.S. District Court for the District of Columbia due to:

•Repeated failures to process urgent filings,

•Delays in judicial assignment,

•Failure to grant ADA accommodation in the court process itself.

---

## II. RESPONSE TO BOZZUTO'S MOTION

**1. Claim: Failure to State a Claim Under the FHA**

Response: Denied. Plaintiff has sufficiently pleaded facts that state a plausible claim for disability discrimination and denial of reasonable accommodations under 42 U.S.C. § 3604(f)(3)(B). Her request was clear, documented, and required under federal law.

**2. Claim: Accommodation Requests Were Not Reasonable or Necessary**

Response: Denied. Accommodations sought—including waiver of credit screening and timeline flexibility—are explicitly protected under HUD guidelines and federal precedent.

**3. Court Action**

Plaintiff reiterates that an emergency injunction (Case No. 1:25-cv-0070) has been filed to move these cases due to persistent due process violations in this court. Plaintiff respectfully demands immediate action to honor that motion and stop further abuse.

---

## III. LEGAL AUTHORITIES

•Giebeler v. M&B Assocs., 343 F.3d 1143 (9th Cir. 2003) – Denial of credit check waiver violated FHA.

•Bryant Woods Inn, Inc. v. Howard Cnty., 124 F.3d 597 (4th Cir. 1997) – Courts must evaluate accommodation requests with a presumption in favor of reasonableness.

•Hovsons, Inc. v. Brick Twp., 89 F.3d 1096 (3d Cir. 1996) – Neutral policies must yield to reasonable accommodations.

•Smith & Lee Assocs., Inc. v. City of Taylor, 102 F.3d 781 (6th Cir. 1996) – The FHA protects family housing rights when disability-related needs are ignored.

•Bhogaita v. Altamonte Heights Condo Ass'n, 765 F.3d 1277 (11th Cir. 2014) – Delay or obstruction in granting accommodations constitutes unlawful discrimination.

- Astralis Condo Ass'n v. HUD, 620 F.3d 62 (1st Cir. 2010) – HOA rules and procedures must yield when accommodations are required.

## IV. PLAINTIFF'S REQUEST FOR JUSTICE AND RELIEF

Plaintiff requests that this Court:

- Award compensatory damages for emotional distress, medical-related harm, and disruption to family care;

- Award punitive damages for the deliberate nature of Defendants' discriminatory actions;

- Declare that Defendants violated Plaintiff's rights under the FHA and Section 504;

- Grant financial restitution to support Plaintiff in relocating to accessible, safe, and discrimination-free housing;

- Immediately address Plaintiff's pending injunction for transfer to the U.S. District Court in D.C. due to court failure.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment;

2. Grant Plaintiff's emergency injunction (Case No. 1:25-cv-0070) to permanently seal and transfer these proceedings to a fair and competent federal venue.

Respectfully submitted,

Kerby Alexandria B. Stracco

USA Ret