FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

2025 MAR 28  P 2: 11

KERBY ALEXANDRIA STRACCO,
    Plaintiff,
v.
TOWNSQUARE MARK CENTER, et al.,
    Defendants.
Case No. 1:25-cv-00129-PTG-IDD

**PLAINTIFF'S MOTION FOR RECUSAL OF DISTRICT JUDGE PATRICIA TOLLIVER GILES AND MAGISTRATE JUDGE IVAN D. DAVIS AND FOR TRANSFER TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**(Pursuant to 28 U.S.C. §§ 144, 455 and Local Civil Rule 7)**

Plaintiff Kerby Alexandria Stracco, a disabled veteran proceeding pro se, respectfully moves this Court under 28 U.S.C. §§ 144 and 455(a) and (b) to recuse the Honorable District Judge Patricia Tolliver Giles and Magistrate Judge Ivan D. Davis from further proceedings in this matter and to transfer this case, along with all related cases, to the U.S. District Court for the District of Columbia. This motion is submitted in good faith and with respect for the Court, in response to judicial and staff conduct creating an appearance of impropriety, potential prejudice, and unnecessary delay inconsistent with the Eastern District of Virginia's "Rocket Docket" reputation. Plaintiff waives her right to oral argument and requests a ruling on the papers pursuant to Local Civil Rule 7(J). Plaintiff will submit an affidavit under § 144 if required by the Court.

**GROUNDS FOR RECUSAL AND TRANSFER**

1. **Overlap with Related Case:** The assignment of Judges Giles and Davis to this case mirrors their roles in Plaintiff's related matter, *Stracco v. Koen, et al.*, Case No. 1:25-cv-00127-PTG-IDD, where Plaintiff has raised similar concerns about procedural inequality, lack of disability accommodations, and judicial actions exacerbating her psychiatric trauma. This overlap risks prejudgment and undermines impartiality.

2. **Procedural and Emotional Harm:** In this and the related case, Plaintiff, a pro se litigant with documented psychiatric disabilities, has faced judicial actions—such as contempt threats and public exposure of protected medical information—that compounded her trauma. For example, the Court's orders requiring in-person appearances, despite Plaintiff's documented PTSD and mobility limitations, and the public docketing of unredacted psychiatric records, have exacerbated her disabilities, suggesting a lack of accommodation under the ADA and impartiality.

3. **Pending Emergency Injunction in D.D.C.:** On March 10, 2025, Plaintiff filed an emergency injunction in the U.S. District Court for the District of Columbia, *DOE v. Chief*

*Judge of the U.S. District Court for the Eastern District of Virginia*, Case No. 1:25-cv-00701-UNA, seeking transfer of this case and *Stracco v. Koen* to D.D.C. due to alleged judicial misconduct by EDVA officers, including Judges Giles and Davis. The pendency of this injunction, unaddressed by EDVA, heightens the conflict under 28 U.S.C. § 455(b)(1) (personal bias or prejudice) and § 455(a) (appearance of impropriety), necessitating recusal and transfer to D.D.C. as requested therein.

4. **Mistreatment by EDVA Staff:** Beyond judicial actions, Plaintiff has been treated poorly by EDVA courthouse staff, including dismissive responses to her pro se filings and inquiries, further obstructing her access to justice. This systemic disrespect, combined with judicial conduct, warrants removal from EDVA entirely to ensure a fair proceeding.

5. **Pattern of Delay and Disrespect:** Since assignment to this courthouse, Plaintiff has encountered repeated obstacles and perceived disrespect, inconsistent with the EDVA's "Rocket Docket" mandate for swift, fair resolution. As a disabled veteran without counsel, Plaintiff has strived to comply with all rules, yet faces delays that thwart justice, supporting transfer to D.D.C. for a fresh start.

6. **Public Confidence:** Continued adjudication by Judges Giles and Davis, and retention in EDVA, risks eroding public trust in the judiciary, as affirmed in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), where recusal and reassignment were required to ensure fairness and perception of justice.

## WAIVER OF ORAL ARGUMENT

Pursuant to Local Civil Rule 7(J), Plaintiff waives her right to oral argument and respectfully requests that this Motion be decided solely on the written submission. The issues are fully presented herein and in related filings, and no hearing is necessary.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that:

1. District Judge Patricia Tolliver Giles and Magistrate Judge Ivan D. Davis recuse themselves from all further proceedings in this matter under 28 U.S.C. §§ 144 and 455(a) and (b);

2. This case, along with all related cases including *Stracco v. Koen, et al.*, Case No. 1:25-cv-00127-PTG-IDD, be transferred to the U.S. District Court for the District of Columbia, consistent with the emergency injunction filed in *DOE v. Chief Judge*, Case No. 1:25-cv-00701-UNA;

3. The Court rule on this Motion on the papers, per Local Rule 7(J) and Plaintiff's waiver of oral argument, to uphold the EDVA's commitment to expeditious justice.

Respectfully submitted,
March 28, 2025

/s/ Kerby Alexandria Stracco

Plaintiff, Pro Se

Case No. 1:25-cv-00129-PTG-IDD (Stracco v. Townsquare Mark Center et al)

GHOSTWRITING CERTIFICATE OF COMPLIANCE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Kerby Alexandria Stracco,

Plaintiff,

v.

Townsquare Mark Center, et al.,

Defendants.

---

CERTIFICATE REGARDING ASSISTANCE IN DRAFTING

Plaintiff, Kerby Alexandria Stracco, affirms that she has not received any assistance from an attorney, legal clinic, nonprofit, or law firm in drafting the attached motion. This filing was authored independently and submitted by Plaintiff acting pro se without the aid or supervision of any licensed legal professional.

This statement is made in full compliance with the local rules and ethical disclosure standards of the Eastern District of Virginia.

Respectfully submitted,

Kerby Alexandria Stracco

Pro Se Plaintiff