IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **KERBY STRACCO,**<br><br>      *Plaintiff,*<br>  v.<br><br>**TOWN SQUARE MARK CENTER, et al.**<br><br>      *Defendants.* | Case No. 1:25-cv-129 |

**REPLY IN SUPPORT OF BOZZUTO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants Town Square at Mark Center ("Town Square"), Bozzuto Management Company ("Bozzuto"), Reading Ave Owner LLC, and Caitland Roberts (collectively, the "Bozzuto Defendants"), by their undersigned counsel, respectfully submit this Reply in further support of their Motion to Dismiss Plaintiff's Complaint or, in the alternative, Motion for Summary Judgment (the "Motion"). Plaintiff's Opposition fails to address the merits of any point raised by the Motion, and the Court should dismiss Plaintiff's Complaint.

    **I.**    **Plaintiff's Complaint as to Defendant Caitland Roberts should be dismissed because Plaintiff has not made sufficient allegations against her.**

As an initial matter, Plaintiff has not made any additional allegations against Ms. Roberts that would support an independent claim against her. The Opposition fails to respond to this issue and fails to identify any facts or basis supporting individual liability against Ms. Roberts. As set forth in the Motion, Ms. Roberts should be dismissed from this case with prejudice.

927822

## II.     Plaintiff does not satisfy her claim for discrimination based on any disability.

### A. Plaintiff has not demonstrated that her reasonable accommodation requests were denied.

As noted in the Motion, the Bozzuto Defendants granted Plaintiff's request to transfer and to modify her rent payment due date. *See* Motion at 13; *see also* Jan. 2025 Letter (Ex. 4). Her Opposition fails to identify any facts sufficient to allow such a claim to move forward. The Bozzuto Defendants never denied Plaintiff the ability to transfer "based on their ownership model" or steered her away from any housing—rather, Bozzuto permitted her to terminate her lease early without penalty, facilitating her ability to transfer units. Jan. 2025 Letter (Ex. 4). Bozzuto also did not imply that Plaintiff must "stay [there] or leave entirely," as Stracco claims. Opp'n at 4. Instead, Bozzuto offered to review an accommodation request for credit screening at Town Square if she chose a different unit at the property. *See* Jan. 2025 Letter (Ex. 4). Her claim that her reasonable accommodation requests were denied due to discrimination must therefore be dismissed.

Nor has Plaintiff demonstrated that the denial of her apparent request to waive a credit screening at a different property was discriminatory. As noted in the Motion, Ms. Stracco's request was impossible for Town Square to fulfill: Town Square can only grant accommodations for its own screening process and the policies related to it; it has no control over the process or policies used at other communities. *See* Jan. 2025 Letter (Ex. 4). Under the FHA, "only 'reasonable' accommodations are required." *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1148 (9th Cir. 2003). It is not reasonable to expect a property to modify the policies of a different property altogether.

Additionally, Plaintiff still has not provided any basis to find that her credit score is related to any disability. Her "disability-related need to access stable housing funded through

927822                                    2

VA SSVF subsidies" does not establish a "direct linkage" between any disability and the requested accommodation—to waive the mandatory credit screening at a different property. Opp'n at 5; *see also Matarese*, 761 F. Supp. 2d at 364.

Plaintiff has not claimed that her credit score is related to her or her husband's disability, whether that be through inability to work or other periods of unemployment. Instead, the only fact in the record regarding Plaintiff's credit score is her assertion that it "doesn't look great." Stracco Email (Ex. 3). The FHA does not "require accommodation of poor credit," because "bad credit is not the same as [a tenant's] disability." *Rosenthal v. Hershman*, No. 4:05CV1024 CDP, 2005 WL 3348931, at *3 (E.D. Mo. Dec. 7, 2005). Plaintiff's request to waive the mandatory credit screening at communities outside of the control of Town Square was not a reasonable accommodation request; therefore, the Bozzuto Defendants' inability to grant that request was not discriminatory.

### B. Any delay in responding to Plaintiff's accommodation requests was not discriminatory.

As noted above, Plaintiff's reasonable accommodation requests were granted in January 2025. However, Plaintiff falsely claims that the three-week delay in responding to her accommodation request was a constructive denial.

Courts have considered delays of multiple months to constitute a constructive denial. *See Logan v. Matveevskii*, 175 F. Supp. 3d 209, 229-30 (S.D.N.Y. 2016) (*Logan I*) (collecting cases where delays between four months and two and a half years were considered to be constructive denials). However, the length of a delay in responding to a reasonable accommodation request is only one factor in determining whether such delay is a constructive denial. *Logan v. Matveevskii*, 57 F.Supp.3d 234, 271 (S.D.N.Y. 2014) (*Logan II*). Courts typically require "something other than mere silence to suggest that the delay was indeed a constructive denial."

*Logan I*, 175 F. Supp. 3d at 230.  Additionally, "a plaintiff bears the burden of demonstrating discriminatory intent" to make out a claim of constructive denial.  *Logan II*, 57 F. Supp. 3d at 271.

The Bozzuto Defendants responded to Plaintiff's accommodation requests within three weeks and granted the aspects of Plaintiff's requests that were appropriate to do so.  This is well below the periods of time that courts (including the Fourth Circuit) have considered to be constructive denials.  *See Groome Res. Ltd., L.L.C. v. Par. of Jefferson*, 234 F.3d 192, 199 (5th Cir. 2000) (4 months); *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1286 (11th Cir. 2014) (6 months); *Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 620 F.3d 62, 68 (1st Cir. 2010) (over 1 year); *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 272 (4th Cir. 2013) (15 months).  A three-week delay, after which the reasonable accommodation requests were granted, is not a sufficient time period as a matter of law to constitute a constructive denial.

Furthermore, Plaintiff has not argued—let alone demonstrated—that any delay in response was due to discriminatory intent on behalf of the Bozzuto Defendants; nor does she allege that the Bozzuto Defendants took any negative actions against her during this three-week period.  As Plaintiff acknowledges, Bozzuto only began managing Town Square one day before she submitted her accommodation request.  Opp'n at 2.  After that, Bozzuto promptly reviewed and approved the requests within a reasonable time.  These basic facts are not contested.

Finally, the authority that Plaintiff cites does not support her contention that a housing provider restarting the accommodation process constitutes a constructive denial.  On the contrary, the HUD/DOJ Joint Statement supports the actions taken by the Bozzuto Defendants before granting Plaintiff's reasonable accommodation requests.  The Fair Housing Act prohibits

a housing provider from asking whether a resident has a disability or asking about the nature or severity of that disability. HUD/DOJ Joint Statement ¶ 16. After Plaintiff made a "detailed written request for accommodations" to the Bozzuto Defendants, Opp'n at 2, the Bozzuto Defendants properly requested information to verify that Plaintiff's husband would be considered disabled under the FHA, and that the requested accommodations were related to her husband's disability, HUD/DOJ Joint Statement ¶ 18. This procedure is approved in the HUD/DOJ Joint Statement; therefore, Plaintiff cannot demonstrate the constructive denial of her accommodation requests.

## Conclusion

For the foregoing reasons, Defendants Town Square at Mark Center, Bozzuto Management Company, Reading Ave Owner LLC, and Caitland Roberts respectfully request, pursuant to Federal Rule of Civil Procedure 12(b)(6), that the Court dismiss Plaintiff Kerby Stracco's Complaint [ECF 1] with prejudice.

Respectfully submitted,

**GALLAGHER EVELIUS & JONES LLP**

*/s/ James D. Bragdon*
James D. Bragdon (VA. Bar # 83681)
Elizabeth A. Caldera (pro hac vice motion forthcoming)
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
(410) 727-7702
jbragdon@gejlaw.com
ecaldera@gejlaw.com

*Attorneys for Defendants Town Square at Mark Center, Bozzuto Management Company, Reading Ave Owner LLC, and Caitland Robert*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, a copy of the foregoing Reply in Support of Bozzuto Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for Summary Judgment, were served by first class mail and by email on:

Kerby Stracco
41602 N. Highview Lane
Alexandria, VA 22311
kerby.stracco@gmail.com

*Plaintiff*

                                                 */s/ James D. Bragdon*
                                                 James D. Bragdon