FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

2025 APR 30  A II: 47

ALEXANDRIA DIVISION

KERBY ALEXANDRIA STRACCO,

Plaintiff,

v.

TOWN SQUARE AT MARK CENTER, BOZZUTO MANAGEMENT COMPANY, READING
AVE OWNER LLC, EQUITY RESIDENTIAL, FRIENDSHIP PLACE, and affiliated
individuals,

Defendants.

Case Nos.:

1:25-cv-00127-PTG-IDD (Friendship Place et al.)

1:25-cv-00129-PTG-IDD (Bozzuto / Equity et al.)

---

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR
PRELIMINARY INJUNCTIVE RELIEF, CONSOLIDATED STAY, AND JUDICIAL
INTERVENTION**

Plaintiff respectfully submits this Memorandum of Law in support of her concurrently filed
Emergency Motion for Preliminary Injunctive Relief, Consolidated Stay, and Judicial
Intervention, filed in light of the ongoing harm, jurisdictional violations, and active constitutional
injury now present on the record.

---

**I.**

**STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF**

Under Fed. R. Civ. P. 65, a court may issue a preliminary injunction upon a showing that:

1. The movant is likely to succeed on the merits;

2. The movant is likely to suffer irreparable harm in the absence of preliminary relief;

3. The balance of equities tips in the movant's favor; and

4. An injunction is in the public interest.

    (Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).


In addition, the Fourth Circuit has held that where constitutional rights are at stake, irreparable harm is presumed.

(Legend Night Club v. Miller, 637 F.3d 291, 302 (4th Cir. 2011)).

---

## II.

## PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Plaintiff has submitted overwhelming evidence of:

- Jurisdictional divestiture under Griggs v. Provident, 459 U.S. 56 (1982);

- ADA Title II violations, 42 U.S.C. § 12132 (failure to accommodate, discriminatory access);

- ADA anti-retaliation, 42 U.S.C. § 12203 (removal from services after asserting rights);

- Rehabilitation Act violations, 29 U.S.C. § 794 (discrimination by federally funded entities);

- Procedural due process violations, Mathews v. Eldridge, 424 U.S. 319 (1976);

- And retaliatory filings and clerk misconduct in violation of Stump v. Sparkman, 435 U.S. 349 (1978) and Antoine v. Byers & Anderson, 508 U.S. 429 (1993).

This Court has allowed proceedings to continue while named judges remain in control of the docket, in direct conflict with 28 U.S.C. § 455, which mandates disqualification where impartiality "might reasonably be questioned."

---

## III.

## PLAINTIFF FACES IRREPARABLE HARM

The harm is not hypothetical. Plaintiff is:

- A post-9/11 disabled combat veteran and rape survivor;

- A caregiver to a disabled husband, residing in a medically unsafe apartment;

- A mother of five children, subjected to ongoing litigation abuse;

- Litigating while being denied sealed filings, electronic access, or accommodation.

Forcing a trauma survivor to publicly relive rape, suicidal ideation, and housing discrimination on an open docket is irreparable harm under Goldberg v. Kelly, 397 U.S. 254 (1970).

---

## IV.

## THE BALANCE OF EQUITIES FAVORS PLAINTIFF

Defendants are shielded by multimillion-dollar insurance-policies that they did not disclose to the court, in violation of Rule 26(a)(1)(A)(iv). Plaintiff is pro se, unfunded, disabled, and actively being retaliated against by entities receiving federal money and judicial deference.

The Court's refusal to reassign the case, seal trauma disclosures, or halt proceedings during an active appellate review has exponentially increased the risk of further harm.

---

## V.

## THE PUBLIC INTEREST DEMANDS INTERVENTION

The United States has a compelling interest in ensuring:

- The ADA and Section 504 are respected;

- Disabled veterans receive equal access to justice;

- Judicial conduct adheres to the appearance of fairness (Offutt v. United States, 348 U.S. 11 (1954));

- And pro se litigants are not subjected to coordinated institutional abuse under color of law (42 U.S.C. § 1983).

The public interest is not served by silence. It is served by judicial courage.

---

## CONCLUSION

The Court has the authority, the record, and the constitutional mandate to intervene. Plaintiff respectfully asks that this Court grant the Emergency Motion in full, or refer the matter to an independent Article III judge under 28 U.S.C. § 455 and Rule 65, and stay all further proceedings pending appellate review.

Respectfully submitted,

Kerby Alexandria Stracco

Pro Se Litigant

April 30, 2025