IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KERBY STRACCO,                          )
                                        )
            *Plaintiff,*                )
                                        )
    v.                                  )        1:25-cv-129 (PTG/IDD)
                                        )
TOWNSQUARE MARK CENTER, *et al.,*       )
                                        )
            *Defendants.*               )

## MEMORANDUM ORDER

This matter comes before the court on Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgement (Dkt. 20), and Plaintiff's Motion to Transfer (Dkt. 30), Motions for Recusal (Dkts. 28, 51), and Emergency Motion for Preliminary Injunctive Relief, Consolidated Stay, and Judicial Intervention (Dkt. 37). Plaintiff Kerby Stracco, proceeding *pro se*, filed this civil action against Townsquare Mark Center, Bozzuto Management Company, Reading Ave Owner LLC, Caitland Roberts (collectively, "Bozzuto Defendants"), and Equity Residential. Plaintiff appears to assert a Fair Housing Act violation, specifically a failure to accommodate claim, and seeks $5,000,000 in damages. Dkt. 1 at 1, 4. Bozzuto Defendants filed a Motion to Dismiss Plaintiff's Complaint or in the Alternative, Motion for Summary Judgment (Dkt. 20).

Plaintiff requests that the Court transfer this case, and related case, *Stracco v. Koen, et al.*, No. 1:25-cv-127, 2025 WL 1412060, (E.D. Va. Jan. 23, 2025), to the U.S. District Court for the District of Columbia where she has filed an emergency injunction against this Court and Magistrate Judge Davis, *Doe v. Admin. Off. of U.S. Cts.*, No. 25-701, 2025 WL 1134961 (D.D.C. Apr. 15, 2025). Dkt. 30. In addition, Plaintiff requests that the Court recuse itself from further

1

proceedings in this matter because "judicial and staff conduct [have] creat[ed] an appearance of impropriety, potential prejudice, and unnecessary delay." Dkt. 28 at 1. On May 1, 2025, the Court held a hearing on the motion to dismiss and Plaintiff failed to appear. Dkt. 41. For the reasons that follow, Plaintiff's Motion to Transfer (Dkt. 30) and Motions for Recusal (Dkts. 28, 51) are denied, Bozzuto Defendants' Motion to Dismiss (Dkt. 20) is granted, and Bozzuto Defendants' Motion for Summary Judgment is denied as moot.

## I.    Background

The following facts, taken from Plaintiff's Complaint, and all attachments thereto, are accepted as true for the purpose of the 12(b)(6) Motion to Dismiss.[1]

Plaintiff Kerby Stracco lives at Townsquare at Mark Center, 1460 North Highview Lane, Alexandria, Virginia, with her husband and five children. Dkt. 1-1 at 6, 17. Plaintiff's husband has a disability. *Id.* In January 2023, Plaintiff corresponded with Defendant Equity Residential to apply to transfer to another community which would better suit her husband and family's needs. *Id.* at 50-51.[2] At that time, Plaintiff submitted a Reasonable Accommodation Request to Equity

---

[1] In considering a motion to dismiss for failure to state a claim, as is the case here, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). In addition, the court may "consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citation omitted).

The Complaint consists of the *Pro Se* Complaint for a Civil Case form with a 78-page attachment, containing one-typed page summary of Plaintiff's allegations with the balance being exhibits. Dkt. 1; Dkt. 1-1. The exhibit includes email chains, the unlawful detainer action filed against Plaintiff for unpaid rent, and reasonable accommodation request forms based on Plaintiff's husband's disability. While *pro se* complaints are construed liberally, "it is not this Court's duty to sift through the mass of [ ] 'Roseboro' filings to determine whether [the plaintiff] has alleged a cognizable claim for relief." *Akerman v. Austin*, No. 1:22-cv-696, 2022 WL 16700382 *12 (E.D. Va. November 3, 2022).

[2] The Complaint only attaches two of the three pages. The entire form was attached to Defendant's Memorandum to the Motion to Dismiss. Dkt. 21, Dkt. 21-1, Ex. 1 at 2-3. Plaintiff did not

Residential. *Id.* The request states that it would be in "his best medical interest to live in a dwelling with none to minimal stairs" and a "large bathroom." *Id.* at 51. On February 10, 2023, Equity Residential told Plaintiff that she could transfer without penalty and that they would not run a credit check. *Id.* at 10-13. According to the address being identified throughout the Complaint, Plaintiff continued to reside at the same apartment. Dkt. 1 at 1; Dkt. 1-1 at 47, 50, 58.

The following year, on November 6, 2024, Defendant Equity Residential issued Plaintiff a Five-Day Notice to Pay or Quit, indicating that Plaintiff was in default on her lease. *Id.* at 33. In November 2024, Plaintiff submitted a request for disability accommodations. *Id.* at 46. It states: "Please allow for flexibility regarding on time rental payment at this time due To [sic] costs associated with making the home, habitable, safe and handicapped Accessible [sic] due to Anothony's falls associated his disability." *Id.* at 48.[3]

On December 17, 2024, Defendant Bozzuto Management Company assumed management of Plaintiff's residence from prior owner, Defendant Equity Residential. *Id.* at 4, 8. On December 18, 2024, Plaintiff inquired about receiving the same accommodations from Defendant Bozzuto Management Company. *Id.* at 6 -7.

That same day, an unlawful detainer action was initiated against Plaintiff for her unpaid rent. *Id.* at 58-67. On January 8, 2025, Veterans First Friendship Place, a nonprofit, appears to have paid Plaintiff's overdue rent. *Id.* at 35-38. On January 10, 2025, Defendant Bozzuto

---

challenge the authenticity of the form and it is integral to the complaint, thus, it is proper for the Court to consider. *See* Fed. R. Civ. P. 10(c); *see also Goines*, 822 F.3d at 166.

[3] When the form directed the applicant to "[d]escribe the specific physical modification(s) that is needed," the response was "Veteran is working with multiple non profits to get the rent paid." Dkt. 1-1 at 48. When the form directed that she "Explain the relationship between the person's disability and the need for the requested accommodation(s) and/or modifications," Plaintiff listed her husband's ailments and indicated that "Appropriate furniture has to be purchased as well as other devices to improve Quality of life and ensure optimal safety." *Id.*

3

Management Company, through Defendant Caitland Roberts, confirmed receipt of the payment and Plaintiff's request for accommodation. *Id.* at 24. On January 22, 2025, Bozzuto Management Company indicated that they may be able to work on waiving the "lease termination penalties" but that transferring to a new community was not an option as all communities were owned by different ownership, and required a new credit check, which they could not waive. *Id.* at 20-21.

On January 23, 2025, Plaintiff filed her Complaint in this Court.[4] Dkt. 1. On March 24, 2025, Bozzuto Defendants filed their Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for Summary Judgment. Dkt. 20. The motion is fully briefed. Dkts. 21, 26, 34. On March 28, 2025, Plaintiff filed a Motion for Recusal of District Judge Patricia Tolliver Giles and Magistrate Judge Ivan D. Davis, and for Transfer to the U.S. District Court for the District of Columbia  Dkts. 28, 30.  On April 4, 2025, Plaintiff filed a Petition for Writ of Mandamus as an original proceeding in the Fourth Circuit. Dkt. 32.  On April 30, 2025, Plaintiff filed an Emergency Motion for Preliminary Injunctive Relief, Consolidated Stay, and Judicial Intervention (Dkt. 37).  On May 1, 2025, the Court held a hearing on Bozzuto Defendants' Motion to Dismiss and Plaintiff did not appear.  On March 6, 2026, Plaintiff filed a renewed Motion for Recusal of Patricia Tolliver Giles. Dkt. 51.

As a preliminary matter, the Court addresses several of Plaintiff's later filings which appear to address Plaintiff's failure to appear at the May 1, 2025 Hearing on Bozzuto Defendants' Motion to Dismiss.  According to Plaintiff's subsequent filings, Plaintiff appears to assert that this Court

---

[4] In a separate suit, Plaintiff also sued Veterans First Friendship Place, the nonprofit, that paid her arrearages as well as three of its employees. *See Stracco v. Rebehak Koen, et al.,* Civil Action No. 1:25-cv-127, Dkt. 1 at 1-2, 6 (stating that Veterans First Friendship Place agreed to "only pay the arrears and then three more months.")  Plaintiff alleges "discrimination due to veterans disability pay, denial of accommodations due to disability, and personal injury." *Id.* at 6.

4

was stripped of jurisdiction after she filed her appeal with the Fourth Circuit. Dkts. 37, 38. Despite Plaintiff's assertion, Plaintiff has not specified a final or interlocutory order she seeks to appeal.

Moreover, it appears that Plaintiff filed a Petition for Writ of Mandamus as an original proceeding with the Fourth Circuit. Dkt. 32. In her petition, Plaintiff has requested that the Fourth Circuit seal her filings in this matter and order the disqualification of this Court and Judge Davis. In addition, the Court observes that the only final order entered in this matter is Judge Davis' denial of her motion to seal. Dkt. 18. "Mandamus may not be used as a substitute for appeal." *In re Vogel*, 158 F. App'x. 425, 425-26 (4th Cir. 2005) (citing *In re United Steelworkers*, 595 F.2d 958, 960 (4th Cir. 1979)). Even if the Fourth Circuit construed Plaintiff's pleadings as appealing Judge Davis' Order denying her Motion to Seal, this matter would be stayed only as to those issues "involved in the appeal." *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Indeed, the Fourth Circuit recently reiterated that under the "*Griggs* Principle," "the district court must refrain from further action on *those aspects of the case involved in the appeal* until the appeal is completed." *City of Martinsville, Virginia, v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025) (emphasis added).

Although Plaintiff has initiated proceedings before the Fourth Circuit, Plaintiff was not relieved of the obligation to appear before this Court and oppose the motion to dismiss.[5] The Court will proceed to address Plaintiff's other pending motions.

## II.    Motion to Transfer

This Court finds that transfer to the U.S. District Court for the District of Columbia would be improper because neither case could have been brought in that forum. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

---

[5] The Fourth Circuit subsequently denied Plaintiff's Petition for Mandamus. *In re Doe*, No. 25-1343, 2025 WL 1693063 (4th Cir. June 17, 2025).

other district or division where it *might have been brought*." 28 U.S.C. § 1404(a) (emphasis added).

Before determining whether the Court will exercise its discretion to decide the motion to transfer, the Court must first determine whether the claims "might have been brought" in the transferee forum. *See id.*; *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 631 (E.D. Va. 2006). "A civil action may be brought in any district in which a defendant resides . . . " or "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §§ 1391(b)(1), (b)(2).

Here, no Defendant resides in the District of Columbia for the purposes of 28 U.S.C. § 1391(b)(1). Plaintiff alleges that: (1) Defendant Townsquare Mark Center's address is 1459 N. Beauregard St., Alexandria, Virginia; and (2) Defendants Bozzuto Management Company, Reading Ave Owner LLC, and Caitland Roberts are located at 6406 Ivy Lane, Greenbelt, Maryland. Dkt. 1 at 2. Plaintiff initially alleged that Defendant Equity Residential was located at 1500 Massachusetts Ave NW, Washington, D.C. 20005. *Id.* On January 29, 2025, Plaintiff filed a notice to change Defendant Equity Residential's address to Two North Riverside Plaza, Suite 400, Chicago, Illinois. Dkt. 9. Because no Defendant, as alleged, is a resident of the District of Columbia, the Court finds that Plaintiff has alleged no facts to indicate that venue would be proper in the U.S. District Court of the District of Columbia under 28 U.S.C. § 1391(b)(1).

In addition, transfer to the U.S. District Court of the District of Columbia would be improper under 28 U.S.C. § 1391(b)(2). Plaintiff alleges no facts to suggest that a substantial part of the events or omissions giving rise to her claims occurred in the District of Columbia. Plaintiff indicates her address is 1460 N. Highview Lane, Alexandria, Virginia. Dkt. 1 at 1. Since it appears Plaintiff's claims concern her housing accommodations, neither her residence nor the events giving

6

rise to her claim appear to have occurred in the District of Columbia. Thus, transfer to the District Court of the District of Columbia would be improper under 28 U.S.C. § 1391(b)(2).

Because Plaintiff could not have originally brought her claims in the U.S. District Court of the District of Columbia under 28 U.S.C. §§ 1391(b) (1) or (b)(2), the Court has no basis to transfer this civil action to the U.S. District Court of the District of Columbia. Accordingly, Plaintiff's Motion to Transfer is denied.

### III.    Motion for Recusal

The Court also denies Plaintiff's Motions for Recusal. Dkts. 28, 51. Plaintiff requests that the Court recuse itself under 28 U.S.C. §§ 455(a), (b), 144.[6] Section 455(a) provides that a judge "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." In addition, under 28 U.S.C. § 455(b)(1), a judge "shall also disqualify [herself] . . . where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Plaintiff has failed to provide any basis for her motion for recusal. "Recusal is only appropriate when the petitioner has made a showing of extrajudicial bias." *Cavalieri v. Armor Corr. Health Servs., Inc.*, No. 1:17-cv-1204, 2019 WL 13331149, at *2 (E.D. Va. Feb. 25, 2019) (citing *In re Zaczek*, 914 F.2d 1493, at *1 (4th Cir. 1990)). In her first Motion for Recusal, Plaintiff offers six bases for which this Court should recuse itself: (1) this Court is assigned to her related case "which risks prejudgment and undermines impartiality[;]" (2) the Court has ordered Plaintiff to attend hearings despite her asserted disabilities; (3) she has filed a motion seeking an injunction against the Court and staff in the U.S. District Court for the District of Columbia; (4) her perceived

---

[6] In the alternative, Plaintiff requests that the Court recuse herself under 28 U.S.C. § 144, however, Plaintiff would be "required to file a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party[.]" 28 U.S.C. § 144. Plaintiff has filed no such affidavit. Therefore, this basis is inapplicable.

mistreatment by courthouse staff; (5) the "repeated obstacles and perceived disrespect" she has experienced in this courthouse; and (6) "continued adjudication by [this Court] and Judge Davis . . . in EDVA, risks eroding public trust in the judiciary." Dkt. 28 at 1–2.

None of these assertions demonstrate or suggest that the Court has any extrajudicial bias or reasonably questions the Court's impartiality. "The standard for recusal is an objective one, which 'asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who "assesses all the facts and circumstances.""" *Cavalieri*, 2019 WL 13331149, at *1 (first quoting *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998); and then quoting *United States v. Sellers*, 566 F.2d 884, 887 (4th Cir. 1977))).

A reasonable and well-informed observer would find no cause for concern with Plaintiff's asserted grounds for recusal for several reasons. First, that the Court happened to be assigned to both of Plaintiff's cases has no bearing on the Court's impartiality. Second, Plaintiff has repeatedly ignored the directions of courthouse staff and Court Orders instructing Plaintiff to comply with the Court's local rules regarding filing and sealing of motions and noticing hearings. The Court is sensitive to Plaintiff's requests, but Plaintiff must also comply with the local rules. Third, for the reasons stated above, Plaintiff has not established that the U.S. District Court for the District of Columbia is the proper venue for this action. Fourth, "[c]ircuit courts 'rarely find a district court's alleged delay in ruling upon a petitioner's motion as grounds for finding that impropriety occurred.'" *Cavalieri*, 2019 WL 13331149, at *2 (quoting *Adionser v. United States*, No. 2:03-cr-81, 2014 WL 11513141, at *9 (E.D. Va. Sept. 8, 2014)). Fifth, even if Plaintiff perceives that courthouse staff have been discourteous, which to this Court's knowledge they have not, Plaintiff has offered no authority to support her contention that the conduct of courthouse staff demonstrates or imputes bias to the Court or questions the Court's impartiality. *Want v. Frei*, No. 1:16–cv–660,

8

2016 WL 9138067, at *2 (E.D. Va. June 22, 2016) (drawing a distinction between Clerk's Office staff and chambers staff). Plaintiff's "subjective assumptions" regarding these incidents "do[] not establish grounds for disqualification." *Id.*

In her second Motion for Recusal, Plaintiff offers thirteen bases for which the Court should recuse itself: (1) this Court is now a named defendant in Plaintiff's federal civil rights complaint; (2) the Court demonstrated "deep-seated" antagonism toward Plaintiff during a March 5, 2026 hearing; (3) at the March 5, 2026 hearing, the Court assumed a role of advocate for the defense; (4) the Court is aligned with corporate defendants; (5) the Court weaponized Plaintiff's disabilities by suggesting that Plaintiff needs mental health resources; (6) the Court policed Plaintiff's emotional expressions; (7) the Court denied Plaintiff a "meaningful opportunity to be heard by limiting Plaintiff to 36 minutes . . . and adjourn[ed] without ruling;" (8) the Court held Plaintiff to a higher standard than another *pro se* litigant; (9) the Court's conduct replicates a pattern; (10) the Court "admitted on the record that 'people ask to recuse me all the time;'" (11) the Court "aligned herself with Judge David J. Novak . . . by stating 'that's my colleague;'" (12) the Court questioned its jurisdiction over Plaintiff's claims; and (13) "[a]ny ruling Judge Giles makes on any pending matter after filing of this motion, unless it is in Plaintiff's favor consistent with applicable law, constitutes retaliation against Plaintiff for exercising her First Amendment right to petition for redress of grievances." Dkt. 51 at 8–9.

Again, a reasonable and well-informed observer would find no cause for concern with Plaintiff's asserted grounds for recusal. Moreover, "[t]here is no rule that requires a judge to recuse h[er]self from a case, civil or criminal, simply because [s]he was or is involved in litigation with one of the parties." *See In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) (explaining that a *per se*

rule would allow litigants to judge shop by filing a suit against the presiding judge). Plaintiff's assertions are insufficient to warrant recusal.

Because a reasonable, well-informed observer would not question this Court's impartiality, Plaintiff's Motions for Recusal are denied.

## IV.    Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a Rule 12(b)(6) motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint[,]" drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (first quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); and then quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). In addition, the Court must construe *pro se* complaints liberally. *See Erickson*, 551 U.S. at 94. However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (quoting *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996).

Here, Bozzuto Defendants have moved to dismiss the Complaint, or in the alternative, for summary judgment. Because the Court finds that Plaintiff has failed to state a claim, the Court denies the motion for summary judgment as moot. While it is not precisely clear what Plaintiff's claims are, the Court liberally construes her Complaint to assert a reasonable accommodation

claim under the Fair Housing Act.[8]  Bozzuto Defendants argue that Plaintiff has failed to meet the necessary elements because her Complaint lacks any factual details sufficient for the Court to draw any connection between a requested accommodation and an asserted disability.  The Court agrees with Bozzuto Defendants.[9]

The Fair Housing Act ("FHA") prohibits discriminating against any person because of a handicap or disability in the provision of services in connection with a dwelling, including the "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).[10]  To state a claim for failure to provide a reasonable accommodation, a plaintiff must plead facts showing that the requested "accommodation was (1) reasonable and (2) necessary to (3) afford the [disabled] person equal opportunity to use and enjoy the housing."  *Matarese v. Archstone Pentagon City*,  761 F. Supp. 2d 346, 364 (E.D. Va. 2011) (citing *Bryant Woods Inn, Inc. v. Howard Cnty., Maryland.*, 124 F.3d 597, 603 (4th Cir. 1997)); 42 U.S.C. § 3604(f)(3)(B).  To survive a motion to dismiss on an FHA discrimination claim, a

---

[8] Plaintiff appears to suggest she is raising claims under the ADA or Rehabilitation Act in her opposition to the motion to dismiss. Dkt. 26 at 1-2.  Although courts liberally construe *pro se* complaints, it is not clear from the Complaint that Plaintiff intends to raise an ADA or Rehabilitation Act claim.  In addition, Plaintiff may not amend her Complaint through opposition to the motion to dismiss. *Hooker v. Disbrow*, No. 1:16-cv-1588, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2017) ("A plaintiff may not raise new claims without formally amending her complaint.").

[9] Bozzuto Defendants also argue that the claim against Defendant Caitland Roberts must also be dismissed. Plaintiff failed to address this argument in her opposition and so the Court takes this argument as conceded.

[10] Under the FHA, a " handicap" is "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) a record of having such an impairment; or (3) being regarded as having such an impairment." § 3602(h).  "Major life activities" refers to "those activities that are of central importance to daily life." *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 274 (4th Cir. 2004).

11

plaintiff must plead facts that demonstrate a sufficient nexus between the alleged disability and discriminatory act—in this case, the denial of reasonable accommodations. *Hardaway v. Equity Residential Mgmt., LLC*, 2012 WL 3903489, at *6 (D. Md. Sept. 6, 2012) (dismissing claims where "[i]n addition to failing to elaborate on the nature of [the plaintiff's] disability, [the plaintiff has] not alleged a plausible nexus between her disability and the alleged discriminatory acts").

Here, Plaintiff appears to allege that she had arranged some accommodation(s) regarding rent payments with prior owner and Defendant Equity Residential due to her husband's disability. Dkt. 1-1. That accommodation appeared to be "permission to break her lease without penalty as long as the rent was paid in full . . . transfer properties . . ." and bypass a credit check.[11] *Id.* at 7, 48, 51. Plaintiff complains that Bozzuto Defendants would only allow her to terminate the lease but would not accommodate late rent payments or the move. *Id.* at 1, 21 ("We are willing to work with you on waiting the notice requirement of 60 days and the lease termination penalties . . . Bozzuto does not allow residents to transfer from one community to the next, as all our communities are owned by different ownership, and require a new credit and criminal background check to be accepted into any Bozzuto community."). While Plaintiff does not explicitly identify the disability she or her husband had in the body of her complaint, based on her attached exhibits, it appears that she suffers from post-traumatic stress disorder ("PTSD"), and her husband suffers from chronic migraines, fibromyalgia, and orthostatic hypertension. *Id.* at 48, 51, 54. Plaintiff did not include *her* disability as a basis for the accommodations. *Id.* at 50.

Even if she had, Plaintiff has failed to plausibly allege how the requested accommodations are necessary because she has not shown how her disability of PTSD, or even her husband's

---

[11] While Plaintiff's bevy of attachments reference other accommodations she sought on behalf of her husband and his disability, it does not appear that Plaintiff challenges whether those accommodations were provided. Dkt. 1-1 at 47-53.

disability, would be ameliorated if she (1) had flexibility with making rental payments; and (2) had credit checks waived in connection with her rental application. *See Robinson v. Brickton Vill. Ass'n, Inc.,* 2021 WL 3674594 *3 (E.D. N.C. May 14, 2021) (dismissing failure to accommodate claim where plaintiff had not alleged facts demonstrating that his requested accommodations (as to the maintenance of a parking space or payment of HOA dues) would directly ameliorate the effect of his disability). Likewise, Plaintiff has failed to allege a connection between that disability and her requested accommodations. Thus, Plaintiff has not plausibly alleged that Defendants refused to make necessary accommodations.

Moreover, Plaintiff has also failed to allege sufficient facts for the Court to infer a plausible nexus between any disability and any alleged discrimination. "A plaintiff must do more than allege a 'disagreement with . . . defendant's policies' to show a nexus between their disability and any alleged discrimination." *See Fedynich v. Lozano*, No. 3:20-cv-260 2021 WL 710368 *10 (E.D. Va. Feb. 23, 2021) (dismissing FHA claim where the complaint only contained a conclusory statement regarding defendants' intent to deny reasonable accommodation but did not allege sufficient facts to show a nexus between plaintiff's allege disability and defendants' alleged discrimination). Here, Plaintiff offers no more than a conclusory statement regarding Defendants' intent, and that is insufficient. Accordingly, Plaintiff has failed to state a claim and the Court must dismiss this action. For these reasons, Bozzuto Defendants' Motion to Dismiss is granted.

Bozzuto Defendants have also moved to dismiss individual Defendant Caitland Roberts from this action because Plaintiff has failed to allege sufficient facts to establish her liability. The Court agrees and dismisses Plaintiff's claims against Caitland Roberts.

Accordingly, it is hereby

13

**ORDERED** that Plaintiff's Motion to Transfer (Dkt. 30), Emergency Motion for Preliminary Injunctive Relief, Consolidated Stay, and Judicial Intervention (Dkt. 37), and Motions for Recusal (Dkts. 28, 51) are **DENIED**; it is further

**ORDERED** that Bozzuto Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgement (Dkt. 20) is **GRANTED in part and DENIED in part**. Bozzuto Defendants' Motion to Dismiss is **GRANTED** and Bozzuto Defendants' Motion for Summary Judgement is **DENIED** as moot; and it is further

**ORDERED** that in deference to Plaintiff's *pro se* status, Plaintiff is granted twenty-one (21) days leave to amend to address the deficiencies in the complaint and in compliance with Rule 8(a) of the Federal Rules of Civil Procedure.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff, proceeding *pro se*.

Entered this _31st_ day of March 2026.
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge

14